# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2020

Lyle W. Cayce
Clerk

No. 20-30043
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CORY SHANE DISOTELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CR-126-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Cory Shane Disotell appeals the 262-month sentence he received following his guilty plea conviction for transporting a minor with the intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30043

argues that the district court erred in denying him a two-point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).

"While the district court's findings under the sentencing guidelines are generally reviewed for clear error," a determination of whether a defendant is entitled to a reduction for acceptance of responsibility under § 3E1.1 is reviewed "with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). Under this standard, we will affirm the district court's decision to deny a defendant a reduction for acceptance of responsibility unless that decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (quoting *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999)).

Disotell has not shown that the district court's refusal to award him a two-level acceptance-of-responsibility reduction was without foundation when both his presentencing letter to the court and allocution at sentencing attempted to minimize his role in the offense, shifted blame to the underage victim of his crime, and sought to mitigate his own conduct by falsely denying relevant underlying facts. *See* U.S.S.G. § 3E1.1 cmt. n.3; *Juarez-Duarte*, 513 F.3d at 211; *see also United States v. Angeles-Mendoza,* 407 F.3d 742, 753 (5th Cir. 2005); *United States v. Medina-Anicacio*, 325 F.3d 638, 647-48 (5th Cir. 2003). Accordingly, the district court's judgment is AFFIRMED.